HERMAN & COMPANY, A CORPORATION OF NEW JERSEY, PROSECUTOR, v. BOARD OF ADJUSTMENT OF THE CITY OF NEWARK, FREDERIC BIGELOW, SUPERINTENDENT OF BUILDINGS OF THE CITY OF NEWARK, AND THE CITY OF NEWARK, DEFENDANTS.

Argued October 6, 1925—Decided November 10, 1925.

Zoning—Stores in Restricted Section—Case Not Differentiated From Steinberg v. Bigelow in Opinion Just Filed.

On writ of *certiorari.*

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *Philip J. Schotland.*

For the defendants, *Jerome T. Congleton* and *Charles M. Myers.*

PER CURIAM.

This case is before use on a writ of *certiorari* allowed for the purpose of reviewing the action of the board of adjustment of the city Newark, which affirmed the action of Frederic Bigelow, superintendent of buildings of the city of Newark, in refusing to issue to the prosecutor, a corporation of the State of New Jersey, a permit for the erection of a building on land owned by it. The land owned by the prosecutor consists of a vacant plot on Lyons avenue, in the city of Newark, sixty feet east of Clinton place. It has a frontage of sixty feet on Lyons avenue and an approximate depth of one hundred and ten feet. The building contemplated was to be a two and one-half story brick, steel and

78

stone building containing four stores on the ground floor and four apartments on the second floor. The plans for the proposed building were submitted to and approved by the state board of tenement house supervision. They comply in all respects with the building code of the city of Newark.

On March 8th, 1925, the prosecutor applied to the building department of the city of Newark for a building permit, tendering the legal fees to the superintendent of buildings. The superintendent refused to issue the permit on the ground that the premises were located in a residential district, under the provisions of a zoning ordinance of the city of Newark, adopted December 31st, 1919. The ordinance provided that no stores were to be erected in this district. On March 19th, 1925, the prosecutor applied to the board of adjustment of Newark, a board created under chapter 148 of the laws of 1924 (*Pamph. L.* 1924, *p.* 324), from the ruling of the superintendent of buildings. This board sustained the action of the superintendent of buildings.

Lyons avenue is a main thoroughfare running west from Elizabeth avenue, in the city of Newark, and extenidng to the town of Irvington. A part of this avenue is in the business zone. The business zone is contiguous to the property of the prosecutor. All of the four corners of Lyons avenue and Clinton place are now in the business zone. The property of the prosecutor, as has been stated, is only sixty feet distant from Clinton place.

Upon the refusal of the board of adjustment to grant the permit a writ of *certiorari* was applied for and allowed to review the action of the board of adjustment.

This case canont be differentiated from the case of Steinberg *v.* Bigelow, Superintendent of Buildings, et al., in which an opinion will be filed at the same time as the opinion in this case. For the reasons sets forth in that opinion the action of the board of adjustment of the city of Newark is set aside, with costs. The statement made by counsel for the respondents respecting the issue forthwith of a building permit to the prosecutor applied also to the present case.